## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

TRACY DESTIN,

        Plaintiff,

    v.

TEAM INTERNATIONAL GROUP
OF AMERICA, INC., d/b/a Kalorik,

        Defendant.

_____/

CASE NO.: _____

**PLAINTIFF DEMAND A
TRIAL BY JURY**

## COMPLAINT

Plaintiff, TRACY DESTIN ("**Plaintiff**" or "**Ms. Destin**"), through her counsel, Derek Smith Law

Group, PLLC, hereby complains of Defendant TEAM INTERNATIONAL GROUP OF

AMERICA, INC. d/b/a KALORIK ("**Defendant**" and/or "**Kalorik**"), and alleges as follows:

## NATURE OF CASE

1.     Plaintiff complains pursuant to the Family and Medical Leave Act 29 U.S.C.

Section 2601 *et. seq*. ("**FMLA**) and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.*

("**FCRA**").  Plaintiff seeks damages to redress the injuries Plaintiff suffered as a result of being

exposed to gender discrimination, retaliation, and unlawful discharge.

2.     Furthermore, this Action is to redress the Defendant's unlawful employment

practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because

of her age, retaliation for requesting FMLA, and for permitting Plaintiff to be discriminated

against.

1

## JURISDICTION AND VENUE

3.      This Action seeks damages in excess of $75,000.00, independent of attorney's fees, costs, and interest, based on violations of the FCRA.

4.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1334 because the causes of action alleged against Defendant involve federal questions regarding deprivation of Plaintiff's civil rights under Title VII, the ADEA, the FMLA, and the FCRA.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant was located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Miami-Dade County.  Additionally, the events took place in Miami-Dade County.

## PROCEDURAL REQUIREMENTS

6.      Plaintiff has satisfied all administrate requirements.  Plaintiff timely dual-filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("**EEOC**") and the Florida Commission on Human Relations ("**FCHR**") on or about November 15, 2019.

7.      More than 180 days have expired since Plaintiffs filed their respective charges of discrimination with the EEOC, and the EEOC has neither conciliated nor issued a determination of whether reasonable cause exists.  In turn, on or about August 25, 2020, Plaintiff requested the EEOC issue a right to sue letter.

## PARTIES

8.     Plaintiff is an individual woman who resides in Broward County, Florida.  Plaintiff is a former employee of Defendant Kalorik.

9.     Defendant Kalorik is Florida for-profit corporation authorized to do business in the State of Florida.  Defendant is a wholesale distributer of electronical equipment.

## MATERIAL FACTS

10.     Plaintiff Tracy Destin is an individual forty-seven-year (47) old woman.

11.     Uri Murdad ("**Murdad**") is an individual male, and at all relevant times was employed by Defendant as its Chief Executive Officer.  Murdad held direct supervisory authority over Ms. Tracy controlling various terms and conditions of Plaintiff's employment.

12.     Dori Topaz ("**Topaz**") is an individual woman, and at all relevant times was employed by Defendant as its Managing Director.  Topaz held direct supervisory authority over Plaintiff, controlling various terms and conditions of her employment.

13.     In or around June 2017, Ms. Destin began working for Defendant Kalorik as an Account Manager.   Plaintiff's job duties included communicating with various buyers of Defendant's products, improving the visibility of Defendant's products in retail stores, and growing Plaintiff's own e-commerce accounts.

14.     In or around June 2017, upon hiring Plaintiff, Murdad told Ms. Destin, "We don't hire people your age, but I'm going to give you a chance."  Murdad's attitude towards hiring people of certain ages is buttressed by the fact that Ms. Destin, at forty-seven (47) was one of the oldest people working for Defendant.

15.     On or about May 24, 2019, Plaintiff requested ten weeks off from work via the FMLA to care for Plaintiff's ailing mother.  Defendant approved of Ms. Destin's request without issue.  Thus, in or around June 2019, Plaintiff began caring for her mother.

16.     Although Defendant seemingly was amenable to Plaintiff's requests to take time off, Defendant initiated a series of retaliatory actions after Plaintiff began her time off.  Indeed, on or about September 13, 2019, shortly after Plaintiff's return to work, Defendant's Topaz informed Plaintiff her former role as a sales person would no longer be available.  In an email, Topaz notified Plaintiff that, effective November 1, 2019, Plaintiff would be transferred from Defendant's Sales department to its Business Development department, where Plaintiff would no longer be eligible to earn commission as she was in her previous role, before she requested to exercise her FMLA rights.

17.     Hence, Defendant demoted Plaintiff because of, or in part of her age, and because she exercised her rights under the FMLA.  Ms. Martin rejected Defendant's demotion offer.  Consequently, Defendant terminated Plaintiff's employment because Plaintiff refused to accept Defendant's demotion of Plaintiff—a discriminatory employment action.

18.     On or about September 19, 2019, Plaintiff resigned from Defendant.  Around this date, Defendant's Human Resource Manager terminated Plaintiff's employment.

**COUNT ONE**
**FMLA RETALIATION**
**in Violation of 29 CFR § 825.220**

19.     Plaintiff realleges the allegations in the preceding paragraphs contained herein.

20.     The FMLA prohibits employers from retaliating against an employee for "having exercised or attempted to exercise FMLA rights" and using "the taking of FMLA leave as a negative factor in employment actions." § 825.220(c).

21.     On or about May 24, 2019, Plaintiff exercised her rights under the FMLA, and requested Defendant allow Plaintiff ten weeks leave so Plaintiff could care for her ailing mother.

22.     On or about September 13, 2019, after Plaintiff returned from FMLA leave, Defendant took a materially adverse action against Plaintiff by transferring her to Defendant's Business Development department where Plaintiff would no longer have an opportunity to earn commission.

23.     Defendant's transferring Plaintiff is a materially adverse action because any reasonable employee in Plaintiff's position would be dissuaded from making a charge of discrimination if the employee knew it would be transferred and no longer have the opportunity to earn commission.

24.     Additionally, a causal connection exists between Plaintiff's request for FMLA leave and Defendant's transferring Plaintiff to its Business Development department because Defendant took its employment action against Plaintiff post-dating her return to work.

25.     Therefore, Defendant retaliated against Plaintiff by transferring her to the Business Development department after asserting her rights under the FMLA.

26.     As a result of Defendant's intentional discriminatory conduct Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.  Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

27.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiffs rights under the FMLA.  Accordingly, Plaintiff also requests punitive damages as authorized by the FMLA.

28.     Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

### COUNT TWO
### Age Discrimination (Disparate Treatment)
### in Violation of Florida Statute §760.10(1)(a)

29.     Plaintiff realleges the allegations in all previous paragraphs contained herein.

30.     The FCRA prohibits employers from discharging or otherwise discriminating against any individual with respect to the terms, conditions or privileges of employment because of such individual's age.  Fla. Stat. §760.10(1)(1).

31.     Upon hiring Plaintiff, Defendant's agent, Murdad, told Plaintiff Defendant did not normally "hire people your age," but told Plaintiff he would give her a "chance."

32.     However, Defendant took an adverse action against Plaintiff by transferring Plaintiff from the Sale's department—where Plaintiff was eligible to earn commission in addition to her salary—to Defendant's Business Development department where Plaintiff would have no opportunity to earn commission.

33.     In subjecting Plaintiff to adverse employment action on the basis of her age, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

34.     Defendant's alleged basis for its adverse and disparate treatment of Plaintiff are pretextual and asserted only to cover up the discriminatory nature of Defendant's conduct.

35.     Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons Defendant's does not have, Plaintiff's age was the motivating factor in the adverse and disparate treatment to which she was subjected.

36.     Alternatively, Plaintiff's age played a motivating part in Defendant's decision to transfer Plaintiff following her FMLA request even if other factors may also have motivated its actions against Plaintiff.

37.     As a result of Defendant's intentional discriminatory conduct Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.  Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

38.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiffs rights under the FCRA.  Accordingly, Plaintiff also requests punitive damages as authorized by the FCRA.

39.     Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable before a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgement against Defendant Kalorik in an amount to be determined at the time of a trial plus interest, including but not limited to all emotional distress and economic damages, compensatory damages, punitive damages, liquidated damages, consequential damages, attorneys' fees and costs, and disbursement of actions, and for any such other relief that is statutorily permitted and as the Court deems just and proper.

Dated: June 10, 2021

**DEREK SMITH LAW GROUP, PLLC**
701 Brickell Avenue, Suite 1310
Miami, Florida 33131
P.: (305) 946-1884

*Tiffani- Ruth Brooks*
Tiffani-Ruth Brooks, Esq.
tiffani@dereksmithlaw.com

*Attorney for Plaintiff Tracy Destin*

8